**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DOUGLAS BRUCE**<br>c/o Eberly McMahon Copetas LLC<br>2245 Gilbert Ave. Suite 101<br>Cincinnati, OH 45206 | Case No. 1:23-cv-112<br><br>Judge |
| Plaintiff; | **COMPLAINT WITH JURY DEMAND<br>ENDORSED THEREON** |
| v. | |
| **CITY OF CINCINNATI, OHIO**<br>801 Plum Street<br>Cincinnati, OH 45202 | |
| Defendant. | |

Plaintiff Douglas Bruce, by and through undersigned counsel of record, respectfully submits this Complaint and hereby complains against Defendant City of Cincinnati, Ohio, as follows:

### PARTIES

1. Plaintiff Douglas Bruce ("Mr. Bruce" or Plaintiff), is an individual who resides in El Paso County, Colorado.

2. Defendant City of Cincinnati, Ohio ("City of Cincinnati" or Defendant), is a governmental entity created and functioning pursuant to Ohio statutes and governing the geographical area known as the City of Cincinnati, Ohio and located in Hamilton County, Ohio.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under, inter alia, 42 U.S.C. §§ 1983, 1988 as well as 28 U.S.C. § 1343, and arises in order to enforce provisions of the United States

Constitution. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper in the Western Division of the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b), because the misconduct of Defendant occurred in Hamilton County, Ohio, and within the Western Division of this Court. Further, Defendant resides or does business in that division and in Hamilton County, Ohio.

5. At all times pertinent to this action, Defendant was acting under color of state law, with powers vested in it by the State of Ohio and/or City of Cincinnati and within the scope of its authority granted by Ohio State law, City of Cincinnati ordinances and/or City of Cincinnati policies and practices.

6. Defendant's conduct as complained herein was pursuant to and in apparent conformity with the rules, customs, regulations, ordinances, policies, and practices of the City of Cincinnati.

## FACTUAL BACKGROUND

7. Plaintiff is the owner of a parcel of real estate located in the City of Cincinnati with the street address of 4718 Hamilton Avenue, Cincinnati, OH 45223 (the "Property").

8. There was a single family home on the Property, prior to Defendant's illegal demolition of the building as described herein.

9. Without proper notice of any type or kind to Plaintiff, Defendant demolished the building on the Property, thereby destroying any reasonable economic value or use for the Property.

10. However, Plaintiff did not receive any proper notice from Defendant regarding any maintenance issues or other possible bases for the demolition, and/or proper notice of the issuance of fines or orders in connection with the same.

11. Regardless, the demolition of a valuable single family home due to unknown and alleged ordinance violations constitutes an excessive fine under the 8th Amendment of the United States Constitution, which is applicable to Defendant pursuant to *Timbs v. Indiana*, 139 S. Ct. 682 (2019), a unanimous decision of the United States Supreme Court.

12. Upon information and belief, the City of Cincinnati has issued fines, penalties, tax liens, and other charges against the Property which also constitute excessive fines under the 8th Amendment of the United States Constitution.

13. Furthermore, Plaintiff never received any notice in advance of the demolition of the building on the Property and he therefore did not have the ability to contest the same.

14. By demolishing the building without notice and due process, Defendant deprived Plaintiff of his property in violation of the Fifth Amendment of the United States Constitution and denied him his procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution, as well as his substantive due process rights also guaranteed by the United States Constitution.

15. By Defendant's destruction of the building, Plaintiff has been damaged in the form of future income value as well as the value of building and Property, in an amount no less than $1 million.

# COUNT ONE
# DEPRIVATION OF PROPERTY
# UNDER FIFTH AND FOURTEENTH AMENDMENTS

16. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

17. City of Cincinnati maintains certain policies, practices, customs, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines against real property without proper notice of the same to the property owners like Plaintiff.

18. City of Cincinnati maintains certain policies, practices, customs, and ordinances through which it has permitted itself to demolish buildings on real property without proper notice and the ability to contest the same to the property owners like Plaintiff.

19. As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property as alleged herein and will be proven at trial.

20. These ordinances that Defendant has granted itself the permission to issue, in conjunction with the excessive and unconstitutional fees and fines, do not advance a legitimate public purpose, but instead exist as a method for Defendant to enrich itself at the expense of unsuspecting property owners.

21. Defendant is subject to the Fifth Amendment's prohibition against unconstitutional deprivation of property and denial of substantive and procedural due process pursuant to the Fourteenth Amendment to the United States Constitution.

22. As alleged herein and will be proven at trial, Defendant has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

23. Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

## COUNT TWO
## VIOLATION OF PROCEDURAL DUE PROCESS
## UNDER FIFTH AND FOURTEENTH AMENDMENTS

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

25. As the owner of the Property, Plaintiff has a legitimate property interest therein.

26. As alleged herein, Plaintiff's property interest in the Property was abridged, under the color of state law, without appropriate due process.

27. Defendant maintains certain policies, practices, customs, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines or other orders against real property, including those related to allegedly failing to maintain the Property and subsequently demolish the building thereon, all without notice to the property owner.

28. As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property and denied him his substantive and procedural due process rights as alleged herein and will be proven at trial.

29. As such, Defendant has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

30. Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

## COUNT THREE
## VIOLATION OF SUBSTANTIVE DUE PROCESS

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

32. As the owner of the Property, Plaintiff has a legitimate property interest therein which is deserving of protection under substantive due process.

33. As alleged above and as will be proven at trial, Defendant has acted in an arbitrary and capricious manner with respect to Plaintiff's rights in the Property, including by issuing excessive and unconstitutional fines or orders which Plaintiff had no ability to challenge and then demolishing the building on the Property without notice, all to the complete detriment of Plaintiff.

34. Defendant maintains certain policies, practices, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines or other orders against real property, including those related to allegedly failing to maintain the building and thereafter demolish the building thereon, all without notice to the property owner.

35. As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property and denied him his substantive due process rights as alleged herein and will be proven at trial.

36. These ordinances, in conjunction with the excessive and unconstitutional fees and fines Defendant has granted itself the permission to issue, do not advance a legitimate public purpose, but instead exist as a method for Defendant to enrich itself at the expense of unsuspecting property owners.

37. These actions are outrageous and of such a magnitude, i.e., 100% of the value of the building on the Property, that it truly shocks the conscience, meriting treble and/or punitive damages.

38. As such, Defendant has violated Plaintiff's substantive due process rights under the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

39. Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

## COUNT FOUR
### VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

41. Upon information and belief, Defendant issued excessive and unconstitutional fines against the Properties related to maintenance of the building on the Property,, and Defendant felt justified in demolishing the building, all without notice to Plaintiff.

42. Based on the conduct described in the preceding paragraph, the fines cannot be viewed to be remedial in nature. The fines levied against the Property therefore constitute a punishment as that term is understood in the context of the Eighth Amendment.

43. Upon information and belief, these fines were imposed by Defendant and ordered to be paid to Defendant by Plaintiff.

44. Plaintiff was therefore forced by operation of law to lose his entire economic ownership in the building on the Property. Plaintiff was given no notice and had no ability to contest the fines or object to the demolition, a gross denial of due process of law.

45. The amount of the fines, their accumulation, and the fact that they were eventually seized from Plaintiff through the razing of his building, all demonstrate that the fines were excessive and unconstitutional under the Eighth Amendment of the United States Constitution.

46. Defendant is subject to the Eighth Amendment's prohibition against unconstitutional deprivation of property under the Fourteenth Amendment to the United States Constitution pursuant to *Timbs v. Indiana*, 139 S. Ct. 682 (2019).

47. Defendant has therefore violated Plaintiff's rights under the Eighth Amendment of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

48. Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1. On his first, second, third, and fourth causes of action, for damages, including actual, punitive, compensatory, treble, and special damages in an amount to be proven at trial but not less than $500,000, plus attorney fees, court costs, and costs of litigation;

2. On all causes of action, for actual, compensatory, statutory, punitive, exemplary, treble, or other damages of any kind or type to which he is entitled; for an award of attorney fees, court costs, and costs of litigation; for a declaratory judgment or order declaring that Defendant's conduct as described above violated the constitutional rights of Plaintiff as protected by the United States Constitution; for a declaratory judgment or order declaring the relevant ordinances, policies, and procedures facially

unconstitutional and as applied to Plaintiff, declaring any actions taken by Defendant void *ab initio*; and for any other and further relief to which Plaintiff may be entitled under law or equity and which the Court may find just and appropriate under the circumstances; and

3. For an award of attorney fees and court costs under 42 U.S.C. § 1983 and § 1988.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on any claims so triable.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2245 Gilbert Ave., Suite 101
Cincinnati, OH 45206
513-533-1151
513-533-3554 Fax
deberly@emclawyers.com


/s/ Aaron C. Garrett
Aaron C. Garrett (*pro hac vice pending*)
Nonprofit Legal Services of Utah
623 East 2100 South, Suite B1
Salt Lake City, UT 84106
(385) 419-4111
(801) 401-3504 Fax
aaron@nonprofitlegalsevices.com
*Attorneys for Plaintiff Douglas Bruce*