# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BRUCE, | : | Case No. 1:23-cv-112 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| -vs- | : | DEFENDANT'S RULE 12(b)(6) |
| | : | MOTION TO DISMISS FOR |
| CITY OF CINCINNATI, | : | FAILURE TO STATE A CLAIM |
| | : | |
| Defendant. | : | |
| | : | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, through the accompanying memorandum of law, Defendant City of Cincinnati ("the City") hereby moves to dismiss Plaintiff Douglas Bruce's ("Bruce") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). All claims should be dismissed as a matter of law.

Respectfully submitted,

**EMILY SMART WOERNER (0088905)**
**CITY SOLICITOR**

*/s/ Kevin M. Tidd*
Kevin M. Tidd (0080957)
Jon Vogt (0090781)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4520
Fax: (513) 352-1515
kevin.tidd@cincinnati-oh.gov
jon.vogt@cincinnati-oh.gov
*Counsel for Defendant*
*City of Cincinnati*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

In his newly Amended Complaint, Bruce seeks relief based on a complaint that is legally deficient and legal theories that are time-barred. The Court should dismiss Bruce's complaint to avoid unnecessary litigation.

### II.    STATEMENT OF RELEVANT FACTS

This matter relates to the City's demolition of a single-family home at 4718 Hamilton Avenue, Cincinnati, Ohio (the "Property") in February of 2018. City Department of Buildings and Inspections ("B&I") Inspection Notes - 4718 Hamilton Avenue, Cincinnati, OH 45223 dated 2-5-18[1]; Amended Complaint at 2. Bruce alleges he was the "equitable owner" of the Property at the time of the demolition and that the Property's owner of record, Jeff Wright, held the Property in trust for the benefit of Bruce. Amended Complaint at 2-3.

The crux of Bruce's claims against the City is that the City did not provide notice of the structure's demolition and that any fines or orders related to the Property were excessive. *See* Amended Complaint. Although difficult to discern, Bruce's Amended Complaint ostensibly alleges four § 1983 claims related to the

---

[1] This document (B&I Inspection notes) may be accessed at: https://cagis.hamilton-co.org/opal/apd.aspx?entcode=cinc&ezstdadrtag=4718%7C%7CHAMILTON%7CAV%7CGJ1211639326%7C%7C%7CCINC%7CCINC%7C02000047006504718H%7C020000470065%7C020000470065%7CCINCINNATI&APD=2017P10748. This document is a public record and is available to the public online. As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. However, courts may consider documents attached to a motion to dismiss as part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 660 (6th Cir. 2005); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Circuit 1999).

City's demolition of the structure including one count of deprivation of property interests without due process under the Fifth and Fourteenth Amendments, one count of deprivation of property interests without due process under the Eighth and Fourteenth Amendments; and one count each for alleged violations of procedural and substantive due process. Amended Complaint at 4-10.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where a complaint fails "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, the facts alleged by a plaintiff must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a challenge under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Though well-pleaded factual allegations must be accepted by the Court as true, there is no requirement that courts "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Complaints must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusations" and mere "labels and conclusions" or

3

"a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Complaints that offer only "naked assertion[s]" devoid of "further factual enhancement" are appropriate for dismissal. *Twombly*, 550 U.S. at 557.

## IV. ARGUMENT

Even accepting the facts alleged in Bruce's Amended Complaint as true, Bruce's Amended Complaint should be dismissed because he failed to meet the *Twombly/Iqbal* plausibility pleading standard, and his claims are barred by the applicable statute of limitations.

### A. Bruce's bare assertions and legal conclusions do not properly plead constitutional violations.

Bruce has not pled facts that entitle him to relief. Under the *Iqbal* and *Twombly* plausibility pleading standard, Bruce has an obligation to provide proper grounds for his entitlement to relief with more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). His Amended Complaint must contain factual allegations that plausibly suggest he is entitled to relief. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. But Bruce's Amended Complaint lacks even basic facts and consists of little more than recitations of the law with sweeping, formulaic legal conclusions.

Bruce's barebones Amended Complaint failed to even include the date the home on the Property was demolished, and he provided no facts that relate to his alleged damages. Bruce claims he was subject to "excessive and unconstitutional

4

fines or other orders," but provides no corresponding facts, plausible or not, to support these contentions. Complaint at 5 -7, 9. Bruce failed to provide dates for when the alleged fines or orders were issued, who was fined, the number of fines or orders, the type of fines or orders, or even the amount of the fines, yet somehow still claims the fines were excessive.

Notably, Bruce also provided no factual or evidentiary background for his legal conclusion that he has an "equitable interest" in the Property. Amended Complaint at 3. Although Bruce's allegations reference the existence of a purported trust, he failed to attach a copy of the trust to his Amended Complaint or a copy of the deed that transferred the property from Bruce to Wright. It should be noted that the subject deed, attached hereto as Exhibit A, reveals that Bruce conveyed his interest in the Property to Wright, not a trust, without the required language on the face of the deed indicating the existence of a trust in violation of ORC 5301.03.[2]

As Bruce's Amended Complaint fails to plead sufficient facts to sustain his claims, his Amended Complaint should be dismissed.

**B. Bruce's claims are time barred.**

Bruce seeks damages for alleged constitutional violations and cites § 1983 as the bases for recovery. Complaint at 4-10. R.C. 2305.10 imposes a two-year statute of limitations on actions arising under § 1983 including cases involving due process and deprivation of property interests. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. March 16, 1989); *Oko v. City of Cleveland*, N.D.Ohio No. 1:21cv2222, 2023

---

[2] As discussed *supra* in Fn. 1, this document (deed) is referred to and referenced in the Amended Complaint, susceptible of judicial notice, and constitutes a public record. *See* Amended Complaint at 2.

U.S. Dist. LEXIS 117400, at *13-15 (July 7, 2023); *3799 Mill Run Partners, LLC v. City of Hilliard*, 839 F.App'x 948, 950 (6th Cir.2020).

Bruces alleges that the City act that gave rise to his claims was the City's demolition of the single-family home on the Property. Per available City public records, the building was demolished by February 5, 2018, but Bruce did not file his initial Complaint until February 24, 2023, over *five years* after the City's alleged misconduct. City Buildings and Inspections Department Inspection Notes - 4718 Hamilton Avenue, Cincinnati, OH 45223 dated 2-5-18. As Bruce's claims were not filed within two years as required by R.C. 2305.10, the claims are time-barred and should be dismissed.

## V. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant judgment in its favor pursuant to Civ. R. 12(B)(6) and dismiss Bruce's Amended Complaint against the City.

Respectfully submitted,

**EMILY SMART WOERNER (0088905)**
**CITY SOLICITOR**

*/s/ Kevin M. Tidd*
Kevin M. Tidd (0080957)
Jon Vogt (0090781)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4520
Fax: (513) 352-1515
kevin.tidd@cincinnati-oh.gov
jon.vogt@cincinnati-oh.gov

6

*Counsel for Defendant*
*City of Cincinnati*

CERTIFICATE OF SERVICE

    I certify that on August 24, 2023, a true and accurate copy of the foregoing Defendant's 12(b)(6) Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kevin M. Tidd*
Kevin M. Tidd (0080957)