UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BRUCE, | : | Case No. 1:23-cv-112 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION TO DISMISS**

This civil case is before the Court on Defendant's motion to dismiss (Doc. 18) and the parties' responsive memoranda (Docs. 20, 24, 26).

## I.   BACKGROUND[1]

On November 14, 2012, Plaintiff Douglas Bruce purchased a parcel of real estate and a single-family home located at 4718 Hamilton Avenue, Cincinnati, Ohio 45223 (the "Property") from JP Morgan Chase Bank.  (Doc. 17 at ¶¶ 1, 10).   Bruce paid the full purchase price and closing costs with his own funds.  (*Id.*)

---

[1] The City references public records and attaches exhibits to its motion to dismiss and reply. (Docs. 18, 24).  "A court evaluating a motion to dismiss is generally limited to consideration of the complaint and any exhibits attached to the complaint." *Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 745 (S.D. Ohio 2020).  If the Court does not exclude matters outside of the pleadings, it must convert the motion to one for summary judgment.  Fed. R. Civ. P. 12(d).  However, a court may consider certain materials outside of the pleadings without converting the motion to one for summary judgment.  These materials include "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Here, the Court finds that all of the documents attached to or referenced by Defendant may be considered without converting the motion.

On January 27, 2017, Bruce transferred bare title ownership of the Property to Jeff Wright by special warranty deed, which deed was recorded on March 20, 2017. (*Id.* at ¶ 8; Doc. 18-1). Bruce claims that, although Wright was the owner of the Property, Wright held the property in a trust for Bruce as an equitable owner, giving Bruce ownership interest in the property. (Doc. 17 at ¶ 8).

In February 2018, the City demolished the single-family home on the Property. (Doc. 18 at 2, n.1). Bruce claims that the City provided insufficient notice prior to demolishing the house, in violation of his constitutional rights. (*See* Doc. 17). Bruce also claims that "[u]pon information and belief, the City of Cincinnati has issued fines, penalties, tax liens, and other charges against the Property which also constitute excessive fines under the 8th Amendment of the United States Constitution." (*Id.* at ¶ 14).

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986) ). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Plaintiff's claims are time-barred.

The City argues that Bruce's claims are time-barred because the home was demolished in February of 2018 and Bruce did not file his lawsuit until February of 2023. (Doc. 18 at 5-6). In response, Bruce argues that when Bruce became aware of his injuries is an issue of fact that must be resolved in in his favor at this stage in the proceedings. (Doc. 20 at 11-13). On reply, the City asserts that Bruce knew or should have known of his injuries no later than 2019 when the City initiated foreclosure proceedings on the Property. (Doc. 24 at 2).

"Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012)). "However, dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (quotation omitted). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run," and "[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

The parties agree that Bruce's constitutional claims are brought pursuant to 42 U.S.C. § 1983. (Doc. 17; Doc. 20 at 4). In Ohio, an action pursuant to 42 U.S.C. § 1983 must be brought within two years. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (collecting cases). "The general federal rule is that the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Child.'s Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (quotation omitted).

Here, Bruce's suit was timely only if he had no reason to know that the home was demolished by February 2021. Here, **at the latest**, Bruce knew, or in the exercise of due diligence should have known, that the home was demolished no later than 2019 when the City started foreclosure proceedings against the Property. (Docs. 24-1, 24-2). Indeed, on

4

April 8, 2019, Bruce accepted service of the summons and complaint for the foreclosure proceedings. (Doc. 24-1 at 3). And by that time (which was after the home was demolished), the Property's value had dropped from $43,620 to $13,200. (Doc. 24 at 2, n.2). Any reasonable property owner, in the exercise of due diligence, would have investigated or responded to the foreclosure proceedings, and having exercised due diligence, should have known that home was demolished.[2] Accordingly, Plaintiff's claims are time-barred.[3]

## IV. CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss (Doc. 18) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 17) is **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Date:  January 3, 2024                              *s/ Timothy S. Black*
                                                    Timothy S. Black
                                                    United States District Judge

---

[2] Of course, there is also a strong argument that, with any reasonable diligence, Bruce should have should have known that the home had been demolished even before February of 2019. In a similar case brought by Bruce, albeit on a motion for summary judgment, the Sixth Circuit concluded: "a reasonable property owner—one who made any effort at all to stay apprised of his buildings' condition, for example, and to ensure that they remained in compliance with the municipal code—would have known that, for the past six months or so, his buildings had lain in heaps of rubble. Bruce's suit was therefore untimely, and the district court was right to grant summary judgment." *Bruce v. City of Miamisburg, Ohio*, No. 23-3080, 2023 WL 6623194, at *1 (6th Cir. Oct. 11, 2023).

[3] Because Plaintiff's claims are time-barred, the Court declines to reach Defendant's other arguments.